**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Ann Eckberg, | No. CV-11-537-PHX-SMM |
| Plaintiff, | |
| v. | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

The Ninth Circuit Court of Appeals has issued its mandate finding in favor of Appellant Eckberg and remanding this case to the Defendant Social Security Administration for further proceedings on an open record. (Doc. 34.) Pending before the Court is the parties'[1] Joint Stipulation to Attorney's Fees under the Equal Access to Justice Act. (Doc. 39.) The parties stipulate to an award of fees to Plaintiff's counsel in the amount of $14,750, covering litigation in this Court and the Ninth Circuit Court of Appeals. The amount compensates Plaintiff's counsel for some, but not all, of the time expended in these forums.

*EAJA*

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), provides, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Acting Commissioner Carolyn Colvin is substituted for former Social Security Commissioner Michael J. Astrue.

> for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Id. Under the EAJA, the district court has discretion to award fees for all levels of litigation, including appellate work in the Ninth Circuit. See Natural Resources Defense Council, Inc. v. Winter, 543 F.3d 1152, 1163-64 (9th Cir. 2008) (construing the statute and determining that the statute provides such discretion to the district court). EAJA requires an award of fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. The Court construes Defendant's stipulation to fees as a concession that the government's position was not substantially justified, regardless of Defendant's argument against such a concession.

*Reasonableness of Fees*

The Court exercises discretion in awarding fees under EAJA. See Webb v. Ada County, 195 F.3d 524, 527 (9th Cir. 1999) (district court possesses considerable discretion in determining the reasonableness of a fee award). The EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost of living increases); see 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001)). Pursuant to the EAJA and Thangaraja v. Gonzalez, 428 F.3d 870, 876–77 (9th Cir. 2005), the Court will award Plaintiff's counsel a cost of living increase for billed hours. Counsel will be compensated at the requested statutory rate of $180.59 per hour for work performed in 2011, $184.32 per hour for 2012, $187.02 per hour for 2013, and $190.06 for 2015. (Doc. 37-1 at 5.)

The parties stipulated to a fee for Plaintiff's counsel in the amount of $14,750, for 33.1 hours of work performed in 2011, 21.5 hours performed in 2012, 38 hours of work performed in 2013 and 3 hours of work in 2015, totaling 95.6 hours and $17,617.35. (Doc. 37-1). The stipulation of $14,750 represents a reduction of $2,867.35 from the total hours claimed.

The Court has reviewed counsel's service itemization worksheets. (Id.) Counsel

included .4 hours of administrative work, which is not compensable. Counsel bills 33.2 hours for his district court work and 59 hours for his appellate work. Given the stipulated reduction of $2,867.35, which would be approximately 15 hours of billable work, the Court finds the hours counsel expended and the stipulated fee amount reasonable.

In light of <u>Astrue v. Ratliff</u>, 560 U.S. 586, 597-98 (2010), attorney's fees awarded under EAJA are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B), in case Plaintiff has an outstanding federal debt. Therefore, the stipulated attorney's fee award will be made payable to Plaintiff and not to Plaintiff's attorney.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** the parties' Joint Stipulation to Attorney's Fees under the Equal Access to Justice Act. (Doc. 39.) Plaintiff is awarded attorney's fees in the amount of $14,750. This payment shall be made payable to Plaintiff and shall be paid by the Defendant.

DATED this 22nd day of July, 2015.

Stephen M. McNamee
Senior United States District Judge